IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

NAKODA THUNDERWOLF,

    Plaintiff,

v.

OREGON STATE HOSPITAL;
DR. GOETZ OSH; ABILIFY;
OREGON STATE POLICE;
OREGON STATE POLICE TROOPER
JANE DOE, et al.,

    Defendants.

Case No. 6:17-cv-01733-AC

ORDER TO DISMISS

MOSMAN, Judge.

Plaintiff, a former inmate at the Oregon State Hospital, brings this civil rights action *pro se*. Pursuant to an Order entered this date, the Court granted Plaintiff leave to proceed *in forma pauperis*. However, for the reasons set forth below, the Court dismisses Plaintiff's Complaint.

## BACKGROUND

Plaintiff's Complaint is a two-page narrative statement about events which occurred while he was incarcerated at the Oregon State Hospital ("OSH") sometime in the last three months of 2015.

1 - ORDER TO DISMISS -

Plaintiff alleges that during a trip away from OSH under escort from Oregon State Police officers, the officers failed to secure Plaintiff's ankles with chains. As a result, Plaintiff states he was able to run away from the officers and that when he did so he tripped and fell, injuring his shoulder. Plaintiff states that at the time he was taking medication prescribed by Dr. Goetz which caused him to behave "off kilter."

Plaintiff states he was taken to a hospital emergency room, where a doctor informed him he had broken his shoulder and would likely require surgery. Upon his return to OSH, Plaintiff states Dr. Goetz mis-prescribed a sling. Plaintiff states that at the time there was "discomfort," but that there is extreme pain now.

Plaintiff concludes by stating if his feet had been chained he would not have been able to run away and would not have tripped. He states that "[b]ecause the above named defendants failed at this one task, I am suing for damages in an unspecified amount."

## **STANDARDS**

A district court must dismiss an action initiated by a plaintiff proceeding *in forma pauperis* if the court determines that the action (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). In order to state a claim, a plaintiff must allege facts which, when accepted as true, give rise to a plausible inference that the defendants violated the plaintiff's rights. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678; *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). "A pleading that offers

labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678 (internal quotations omitted).

When a plaintiff is proceeding *pro se*, the court construes the pleadings liberally and affords the plaintiff the benefit of any doubt. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). A *pro se* plaintiff will be given leave to amend his or her complaint unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *Lopez v. Smith*, 203 F.3d 1112, 1130-31 (9th Cir. 2000).

## DISCUSSION

### I. Procedural Deficiencies

Pursuant to Fed. R. Civ. P. 8(a), a complaint shall include a "short and plain statement of the claim showing that the pleader is entitled to relief." Moreover, "[e]ach averment of a pleading shall be simple, concise and direct." Fed. R. Civ. P. 8(e). If the factual elements of a cause of action are scattered throughout the complaint but are not organized into a "short and plain statement of the claim," dismissal for failure to satisfy Rule 8(a) is proper. *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 640 (9th Cir. 1988); *see also Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981) (district court may dismiss an action with prejudice due to a litigant's failure to comply with Rule 8(a) if meaningful, less drastic sanctions have been explored). Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must give fair notice to the defendants and must allege facts that support the elements of the claim plainly and succinctly. *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984).

Plaintiff's Complaint does not satisfy Rule 8. Plaintiff does not identify what claims he is alleging, and instead of providing specific allegations in support of each of his claims, Plaintiff instead has set forth a narrative of events. The factual elements of Plaintiff's claims are scattered

3 - ORDER TO DISMISS -

throughout his narrative statement. Because Plaintiff has failed to comply with the requirements of Rule 8, the Complaint must be dismissed.

## II. Substantive Deficiencies

To the extent Plaintiff seeks to allege civil rights claims, he must bring such claims under 42 U.S.C. § 1983. "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012) (quoting *Chudacoff v. Univ. Med. Ctr. of S. Nev.*, 649 F.3d 1143, 1149 (9th Cir. 2011)).

The Eighth Amendment requires that prison officials take reasonable measures to guarantee the safety and well-being of prisoners. *Farmer v. Brennan*, 511 U.S. 825, 832–33 (1994); *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000). To state an Eighth Amendment failure to protect claim Plaintiff must allege facts sufficient to plausibly show that (1) he faced conditions posing a "substantial risk of serious harm" to his health or safety, and (2) the individual prison official he seeks to hold liable was "deliberately indifferent" to those risks. *Farmer*, 511 U.S. at 837; *Thomas v. Ponder*, 611 F.3d 1144, 1150 (9th Cir. 2010). To demonstrate deliberate indifference, Plaintiff must allege facts sufficiently to plausibly show that the defendant both knew of and disregarded a substantial risk of serious harm to his health and safety. *Farmer*, 511 U.S. at 837. Thus, Plaintiff must allege "the official [was] both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed], and [that] he . . . also dr[e]w that inference." *Id.*

Plaintiff's Complaint contains no facts to plausibly suggest that the state police officers knew Plaintiff faced a "substantial risk of serious harm" when they escorted Plaintiff without ankle chains.

4 - ORDER TO DISMISS -

While Plaintiff claims he was taking a medication which caused his behavior to be "off kilter," he does not allege facts supporting a claim that the officers knew he taking the medication or that as a result Plaintiff would feel compelled to flee, and then fall and injure himself.

To the extent Plaintiff alleges Dr. Goetz's treatment of his injury violated Plaintiff's constitutional rights, he likewise does not allege sufficient facts. Only "deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain . . . proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 103-04 (1976) (citation and internal quotation marks omitted). "A determination of 'deliberate indifference' involves an examination of two elements: (1) the seriousness of the prisoner's medical need and (2) the nature of the defendant's response to that need." *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1991), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997) (en banc).

"Deliberate indifference is a high legal standard." *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" *Id.* at 1057 (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" *Id.* (quoting *Gibson v. County of Washoe, Nevada*, 290 F.3d 1175, 1188 (9th Cir. 2002)). Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle*, 429 U.S. at 106; *see also Anderson v. County of Kern*, 45 F.3d 1310, 1316 (9th Cir. 1995). "[E]ven gross negligence is insufficient to establish a constitutional violation." *Toguchi*, 391 F.3d at 1057. (citing *Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990)).

5 - ORDER TO DISMISS -

Plaintiff does not allege facts establishing a claim that Dr. Goetz was deliberately indifferent to a serious medical need. He alleges that at the time of the incident he suffered "discomfort," and that upon his return to the Oregon State Hospital Dr. Goetz prescribed the use of a sling to immobilize Plaintiff's arm. This does not rise to the level of an Eighth Amendment violation.

## **CONCLUSION**

For these reasons, the Court DISMISSES Plaintiff's Complaint. Plaintiff may file an Amended Complaint, curing the deficiencies noted above, within 30 days of the date of this order. The Court advises Plaintiff that failure to do so will result in the dismissal of this proceeding.

The Clerk of the Court is DIRECTED to send Plaintiff a prisoner civil rights complaint packet with this Order.

IT IS SO ORDERED.

DATED this 15 day of February, 2018.

_____
Michael W. Mosman
United States Chief District Judge